THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00030-MR

RICHARD JOSEPH SNEDEN,           )
                                 )
            Plaintiff,           )
                                 )
      vs.                        )      **MEMORANDUM OF**
                                 )      **DECISION AND ORDER**
                                 )
NANCY A. BERRYHILL, Acting       )
Commissioner of Social Security, )
                                 )
            Defendant.           )
_____  )

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 13] and the Defendant's Motion for Summary Judgment [Doc. 15].

**I.    PROCEDURAL HISTORY**

The Plaintiff, Richard Joseph Sneden ("Plaintiff"), filed applications for disability insurance benefits under Title II of the Social Security Act (the "Act") and supplemental security income under Title XVI of the Act, alleging an onset date of October 31, 2011. [Transcript ("T.") at 21]. The Plaintiff's application was denied initially and upon reconsideration. [Id.]. Upon Plaintiff's request, a hearing was held on August 17, 2015 before an Administrative Law Judge ("ALJ"). [T. at 45, 118]. On October 27, 2015, the ALJ issued a written decision denying the Plaintiff benefits, finding that the

Plaintiff was not disabled within the meaning of the Act since October 31, 2011. [T. at 12-28]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-6]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted).  "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability.

3

20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular

4

and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date, October 31, 2011. [T. at 23]. At step two, the ALJ found that the Plaintiff has severe impairments including depression, panic disorder, and cannabis abuse. [T. at 24]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. at 27]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations: the [Plaintiff] can occasionally climb ladders, ropes, and scaffolds and can have no exposure to unprotected heights. The [Plaintiff] can have occasional interaction with supervisors, coworkers, and the public, and is able to understand, remember, and carry out simple one or two step instructions or tasks free of fast-paced or team-dependent production requirements involving simple-work related decisions and occasional, if any, work place changes. The [Plaintiff] should not be openly exposed to controlled substances or prescription medications such as work in a law enforcement evidence facility, forensic lab, pharmaceutical manufacturing plant, medical facility, or pharmacy. The [Plaintiff] would be off task a maximum of ten percent of the workday.

[T. at 30-1].

The ALJ identified Plaintiff's past relevant work as a mortgage clerk and mortgage closer. [T. at 37]. The ALJ observed at the fourth step, however, that the Plaintiff "is unable to perform past relevant work." [Id.].

With the Plaintiff having carried his burden through the first four steps, the ALJ then assessed whether, at step five, the Commissioner could meet her burden of showing the availability of jobs Plaintiff is able to do, given his RFC. [T. at 38]. Based upon the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including wiper, marker, and final inspector. [T. at 38-40]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from October 31, 2011, the alleged onset date, through October 30, 2015, the date of the ALJ's decision. [T. at 40].

## V. DISCUSSION[1]

The Plaintiff asserts two assignments of error. First, the Plaintiff argues that the ALJ:

> [F]ailed to properly consider the fully favorable findings of [North Carolina Department of Health and Human Services] Hearing Officer Richard Stewart, ordering Medicaid benefits to the Plaintiff, as required by Bird v. Commissioner, 699 F.3d 337 (4th Cir.

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

2012), and DeLoatche v. Heckler, 715 F.2d 148 (4th Cir. 1983).

[Doc. 14 at 10]. Second, the Plaintiff argues that the ALJ's findings "failed to properly assess the Plaintiff's vocational limitations, as required by Mascio v. Colvin[,] 780 F.3d 632 (4th Cir. 2015), and Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013)." [Id.].

After asserting these two assignments of error, the Plaintiff does not proceed to articulate any analysis or meaningful legal arguments in support thereof. Instead, the Plaintiff makes numerous conclusory assertions of error that do not appear to relate directly to the assignments of error identified.

Members of the Social Security bar, including the Plaintiff's counsel, have been warned repeatedly that this Court will consider only those legal arguments properly set forth in a separate assignment of error. See, e.g., Powell v. Berryhill, No. 1:16-CV-00268-MR, 2017 WL 4354738 at *2 (W.D.N.C. Sept. 29, 2017) (Reidinger, J.); Sanders v. Berryhill, No. 1:16cv236, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017) (Howell, Mag. J.), adopted by, 2017 WL 3083261 (W.D.N.C. July 19, 2017); Mason v. Berryhill, No. 1:16cv148, 2017 WL 2664211, at *4 (W.D.N.C. May 30, 2017) (Howell, Mag. J.), adopted by, 2017 WL 2662987 (W.D.N.C. June 20, 2017); Demag v. Berryhill, No. 1:15-CV-00229-MR, 2017 WL 927258, at *5 n.5 (W.D.N.C. Mar. 8, 2017) (Reidinger, J.); Woods v. Colvin, No. 1:16cv58,

2017 WL 1196467, at *4 n.2 (W.D.N.C. Feb. 8, 2017) (Howell, Mag. J.) (collecting cases), adopted by, 2017 WL 1190920 (W.D.N.C. Mar. 29, 2017); Armstrong v. Colvin, No. 5:15cv110, 2016 WL 7200058, at *3 n.2 (W.D.N.C. Sept. 2, 2016) (Howell, Mag. J.), adopted by, 2016 WL 6652455 (W.D.N.C. Nov. 9, 2016); McClellan v. Astrue, No. 1:12-CV-00255-MR-DLH, 2013 WL 5786839, at *3 n.2 (W.D.N.C. Oct. 28, 2013) (Reidinger, J.) (adopting Memorandum and Recommendation of Howell, Mag. J.). Accordingly, to the extent that the Plaintiff attempts to weave any other legal arguments or errors into his two assignments of error, the Court disregards those arguments.

### A. The ALJ's Assessment of the Medicaid Decision

In his first assignment of error, the Plaintiff asserts that the ALJ erred by failing to properly consider the Plaintiff's favorable Medicaid decision, "as required by Bird v. Commissioner, 699 F.3d 337 (4th Cir. 2012), and DeLoatche v. Heckler, 715 F.2d 148 (4th Cir. 1983)." [Doc. 14 at 10]. The Plaintiff, however, fails to offer any legal analysis explaining how the cited authority supports his position.

The ALJ is "required to consider all record evidence relevant to a disability determination, including decisions by other agencies." Bird v. Commissioner, 699 F.3d 337, 343 (4th Cir.2012) (citing SSR 06–03p, 2006 WL 2329939 at *6–7). The decisions by other agencies, "and the evidence

used to make these decisions, may provide insight into the individual's mental and physical impairment(s)." SSR 06–03p. A determination of disability made by another governmental or nongovernmental agency, however, is not binding on the ALJ. 20 C.F.R. § 404.1504. Nevertheless, the ALJ "should explain the consideration given to these decisions." SSR 06–03p.[2]

Here, contrary to Plaintiff's argument, the ALJ did not ignore the Plaintiff's favorable Medicaid decision by Officer Stewart. [T. at 29-30]. Rather, the ALJ noted that he had fully considered the Medicaid decision and that it was being afforded little to limited weight. [Id.]. Specifically, the ALJ explained:

> [T]he training and background of [Officer Stewart] is unclear and he does not appear to be an acceptable medical source, a treating source, or an examining source. There is also no indication of the extent of the evidence that was considered in making th[e] [Medicaid] determination. The decision does not explicitly state a [RFC] for the [Plaintiff] and is markedly conclusory in nature. There is no indication that a vocational expert offered evidence or testimony. Additionally, these findings were made for a different program, not Social Security, and a determination of disability by another agency is not binding on this proceeding. (20 CFR 404.1504, 20

---

[2] The Social Security Administration's rescission of SSR 06-03p became effective for claims filed on or after March 27, 2017. 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017). In the present case, the Plaintiff filed his claim prior to March 27, 2017, as such, SSR 06-03p still applies.

10

> CFR 416.904). Furthermore, the ultimate issue of disability is an issue reserved to the Commissioner[.] (SSR 96-5p). Although th[e] [Medicaid] determination purports to follow a similar process and law as the Social Security Administration in deciding questions of disability, the decision does not reflect adherence to either the policies or procedures of the Social Security Administration.

[Id.]. Further, as the ALJ noted, Officer Stewart's finding that the Plaintiff meets Listing 12.04(A)(1) is inconsistent with the Plaintiff's "representative explicitly conced[ing] that the claimant does not meet or medically equal a Listing." [T. 30, 257, 263]. As such, the ALJ adequately explained why the Medicaid decision was assigned only little to limited weight. Further, there is substantial evidence in the record to support the assignment of only little to limited weight to the Medicaid decision.

For these reasons, the Plaintiff's first assignment of error is without merit.[3]

---

[3] The Plaintiff concludes his first assignment of error by stating:

> [The] key findings [of the Medicaid decision] directly come from the opinions expressed by Barbara Dobrowski, MSW, LCSW, the Clinical Social Worker who treated the Plaintiff two times per week for several years [T. 479-484]. In this regard, the ALJ below gave only "limited" weight to the opinions expressed by Ms. Dobrowski, even though her opinions are well supported by the treatment relationship and are consistent with the objective medical evidence.

[Doc. 14 at 15-16]. The Plaintiff, however, does not even attempt to articulate a cogent argument on this issue. Rather, the Plaintiff merely states:

11

## B. The ALJ's Assessment of Vocational Limitations

The Plaintiff asserts as his second assignment of error that the ALJ "failed to properly assess the Plaintiff's vocational limitations, as required by Mascio v. Colvin[,] 780 F.3d 632 (4th Cir. 2015), and Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013)." [Doc. 14 at 10, 14]. The Plaintiff cites to unadorned excerpts of the ALJ's hypotheticals and the VE's testimony before arguing, without meaningful explanation, that the ALJ "failed to identify to the vocational expert, with precision, the non-exertional limitations of the Plaintiff and to record those findings in his opinion, which we suggest represents a clear violation of the standard out in Mascio v. Colvin[,] 780 F.3d 632 (4th Cir. 2015)." [Id. at 19]. The Plaintiff does not provide any articulation or legal analysis as to how the ALJ's decisions is allegedly inconsistent with Mascio.[4]

---

> See the detailed argument submitted by Howard D. Olinsky, Esquire to the Appeals Council as this case was considered by that administrative body of the Defendant, dated March 21, 2016, which is incorporated in this argument by reference [T. 267-269].

[Id.]. Even if the Plaintiff had properly presented this argument as a separate assignment of error, the Court would still conclude that remand is not warranted. The ALJ separately considered, and sufficiently explained, his assignment of limited weight to the opinion evidence from Ms. Dobrowski. [T. at 35-36]. Further, there is substantial evidence in the record to support the ALJ's assignment of limited weight to the opinion evidence from Ms. Dobrowski.

[4] Plaintiff's argument based on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), is completely off the mark. In Mascio, the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Id. at 638 (citation and

Instead, the Plaintiff makes conclusory assertions and cites legal authority with no analysis or explanation. [Id. at 19-22].[5]

In questioning a VE, an ALJ must pose hypothetical questions that are based upon a consideration of all relevant evidence of record regarding the claimant's impairment. See Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005); English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993).

Here, the ALJ presented the following hypothetical to the VE:

> [A]ssume a hypothetical individual of the [Plaintiff's] age, which is approaching advanced age, crossing to advanced age. Education level is high school graduate. And past work experience as [mortgage clerk and mortgage closer]. Further assume this hypothetical individual can perform work at all exertional levels. This individual can climb ladders, ropes, and scaffolds. Can frequently reach both overhead and in all other directions bilaterally … [T]his individual should not be exposed to unprotected heights. This individual can have frequent interaction with supervisors, coworkers, and

---

internal quotation marks omitted). Here, however, the ALJ's findings did not limit Plaintiff to simple, routine tasks, or unskilled work. Rather, the ALJ's findings provided specific restrictions with respect to Plaintiff's impairments and vocational limitations, discussed the evidence of record and inconsistencies at length, and made credibility determinations. [See T. at 24-37]. In so finding, the ALJ sufficiently explained his determinations, which are supported by substantial evidence in the record. [Id.]. Moreover, the ALJ's decision even noted the Plaintiff's RFC "may be even more restrictive than warranted by the objective medical evidence; nevertheless, [the ALJ] has given the [Plaintiff] the benefit of the doubt on all plausibly-supported restrictions." [T. at 37]. As such, Mascio is simply not applicable to this case.

[5] The Plaintiff's supplemental memorandum is equally unavailing. [See Doc. 19].To the extent Plaintiff attempts to argue for previously unidentified assignments of error, the Court disregards those arguments. Further, the Plaintiff's argument based on Brown v. Commissioner, 873 F.3d 251 (4th Cir. 2017), is wholly inapplicable to the present case.

> the public. This individual is able to understand, remember, and carry out simple one or two-step instructions, tasks. Free of fast-paced independent production requirements involving simple work related decisions, and occasionally any work related changes. This individual should not be openly exposed to controlled substances or prescription medication, such as working in a law enforcement evidence facility or forensic lab, pharmaceutical manufacturing clinic, medical facility, or pharmacy. This individual will be of[f] task a maximum of 10% of the work day. With those limitations, first, I'm assuming that individual would not perform the [Plaintiff's] past work, is that right?

[T. at 80-1]. The VE responded in the affirmative, indicating that the Plaintiff would not be able to perform his past work of mortgage clerk or mortgage closer. [T. at 81]. The ALJ then asked, "[w]ould there be … any other jobs available in the national economy for this hypothetical individual?" The VE responded in the affirmative, indicating that the following jobs would be available: night cleaner (894,000 jobs in the United States economy); hand packer (660,000 jobs in the United States economy); and warehouse worker (419,000 jobs in the United States economy). [Id.].

The ALJ then posed a second hypothetical with the same limitations except for limiting the individual to occasional interactions with supervisors,

coworkers, or the public. [T. at 82]. The VE responded in the affirmative, indicating that the same jobs would exist as previously answered. [Id.].[6]

The second hypothetical posed by the ALJ properly sets forth each of the limitations identified by the ALJ in the RFC. The VE in turn responded that there were still jobs in substantial numbers in the national economy that a person with those limitations could perform. The Plaintiff has not identified any specific limitation that is supported by the record that was not addressed in the RFC. Further, the ALJ's conclusion is supported by the substantial evidence he cited.

For these reasons, the Plaintiff's second assignment of error is without merit.

---

[6] The VE incorrectly testified that the position of night cleaner is classified at the medium exertional level under the Dictionary of Occupational Titles ("DOT"). [T. at 81-2]. However, as the ALJ noted, the DOT classifies night cleaner at the heavy exertional level. [T. at 39]. This difference, however, was irrelevant to the ALJ's determination. He noted that the DOT code for night cleaner is 323.687-018 and the discrepancy could have simply been the VE misspeaking or misreading the last digit of the DOT code for a cleaner occupation at the medium exertional level, 323.687-010. [T. at 39, fn. 1]. The ALJ also noted that the misclassification did not affect the consideration of the occupation of night cleaner because, even when classified at the heavy exertional level, it did not exceed the Plaintiff's RFC. [Id.] Moreover, the Plaintiff, who was represented by counsel, elected not to examine the VE concerning the DOT codes or any conflict therein.

Nevertheless, the ALJ determined that even without considering the occupation of night cleaner, significant numbers of jobs existed in the national economy for the other two occupations identified by the VE. [T. at 39 n. 1]. Further, in compliance with SSR 00-4p, the ALJ resolved the discrepancy between limitations not addressed in the DOT and the VE's testimony addressing his hypothetical with those limitations. [T. at 39-40].

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 13] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 15] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is hereby **DISMISSED**. A judgment shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: March 19, 2018

Martin Reidinger
United States District Judge